1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SAMANTHA DELANE RAJAPAKSE,                Case No. 24-cv-00267-WHO

8                 Plaintiff,

9          v.                                  **ORDER DISMISSING COMPLAINT
                                               SUA SPONTE WITH LEAVE TO
10   FREELANCER,                               AMEND, VACATING HEARING AND
                                               CONTINUING CASE MANAGEMENT
11                Defendant.                   CONFERENCE**

                                               Re: Dkt. Nos. 33

12          On January 16, 2024, Plaintiff Samantha Rajapakse ("Rajapakse"), proceeding pro se, filed

13   a complaint in this case.  Dkt. No. 1.  She filed her First Amended Complaint ("FAC") on

14   February 5, 2024, naming Freelancer, a foreign company d/b/a escrow.com as the defendant.  *See*

15   Dkt. Nos. 11, 15, 16.  On May 27, 2025, third party defendant Freelancer USA filed a motion to

16   dismiss the amended complaint.  Dkt. No. 33.  The motion is fully briefed.  *See* Dkt. Nos. 33, 41,

17   42.  Rajapakse filed an administrative motion for leave to file a second amended complaint.  Dkt.

18   No. 44.  On June 25, 2025, I denied the administrative motion with the intent of revisiting the

19   motion after a full review of the motion to dismiss.  Dkt. No. 45.

20          After reviewing the record in this case,[1] it is evident that Rajapakse has failed to plead the

21   adequate jurisdictional amount as is required for this court to maintain diversity subject matter

22   jurisdiction.  For efficiency purposes, I *sua sponte* dismiss the FAC without prejudice and vacate

23   the motion to dismiss.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

24   _____

25   [1] Both parties have requested that I take judicial notice of documents pertaining to cases that
     Rajapakse has filed in other federal courts.  *See* Dkt. Nos. 16, 33-2–33-9.  I additionally construe
26   Rajapakse's "Motion for Domestication of Out of State Order" as a request for judicial notice.
     Dkt. No. 39.  Neither party objects.  I GRANT both parties' requests.  *See U.S. v. Ritchie*, 342
27   F.3d 903, 908 (9th Cir. 2003) ("Courts may only take judicial notice of adjudicative facts that are
     not subject to reasonable dispute."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746
28   n.6 (9th Cir. 2006) (explaining that "court filings and other matters of public record" are sources
     whose accuracy is not subject to reasonable dispute).

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   subject-matter jurisdiction, the court must dismiss the action."). Rajapakse may file an amended

2   complaint in accordance with the requirements that I explain below. If appropriate, defendant(s)

3   may then move to dismiss any second amended complaint.

4           I note that it also appears from the record that Rajapakse has not served the correct

5   defendant. In her FAC and in her administrative motion for leave to file a second amended

6   complaint, she refers primarily to "escrow.com" as the defendant in this case. She served

7   Freelancer USA, Inc. in an apparent attempt to serve the parent company of Internet Escrow

8   Services, Inc., Freelancer Limited, an Australian entity.[2] *See* Dkt. No.27-3 at 2. To continue her

9   suit, she must serve the appropriate defendant. As I can best determine from the record before me,

10  she must serve Internet Escrow Services, Inc. (d/b/a escrow.com), similar to how she brought suit

11  against Internet Escrow Services (d/b/a escrow.com) in the judicially noticed District Court of

12  Eastern Tennessee case.

13          **This Court Lacks Subject Matter Jurisdiction**

14          Federal courts are courts of limited subject matter jurisdiction. The party asserting

15  jurisdiction has the burden of showing a federal court has jurisdiction over a case. *See Kokkonen*

16  *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There are two types of subject matter

17  jurisdiction—diversity of citizenship and federal question. *See Newtok Village v. Patrick*, 21 F.

18  4th 608, 615 (9th Cir. 2021). In her complaint, Rajapakse brings one Cause of Action for breach

19  of contract—a state law claim.[3] To bring a lawsuit in federal court alleging only state law causes

20  of action, the diversity of citizenship requirements must be met.

21

22  [2] It is unclear from the record the relationship between Freelancer USA and Freelancer, an
    Australian entity. Counsel for third party defendant Freelancer USA, Inc. and interested party
23  Internet Escrow Services, Inc. should clarify the relationship, if any, in the joint case management
    statement, now due September 3, 2025, in accordance with the continued date of the Case
24  Management Conference of September 10, 2025.

25  [3] In her motion for leave to file an amended complaint, Rajapakse largely seeks leave to include
    additional state law causes of action, including violations of both California and Virginia state
26  laws. *See* Dkt. No. 43-1 at 6–9. Rajapakse also seeks to file a cause of action pursuant to 18
    U.S.C. § 1343 (wire fraud). There is no private right of action under this statute, so Rajapakse
27  may not raise it as a cause of action in her complaint. *See, e.g.*, *Wisdom v. First Midwest Bank, of*
    *Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (collecting cases). Rajapakse also references, but
28  does not definitively state that she wishes to allege a cause of action under, 18 U.S.C. § 1961 (The
    Racketeer Influenced and Corrupt Organizations Act).

2

United States District Court
Northern District of California

1    There are two requirements to maintain diversity subject matter jurisdiction: (1) The

2   citizenship of each plaintiff must be different from that of each defendant; and (2) There must be

3   more than $75,000 at issue.  28 U.S.C. § 1332.  Rajapakse fails to plead the latter.  Although she

4   seeks "punitive damages in the amount of $75,00[0].00," punitive damages are not available for

5   breach of contract cases.  Dkt. No. 15 at 10; *see also Tibbs v. Great American Ins. Co.*, 755 F.2d

6   1370, 1375 (9th Cir. 1985) ("Under California law, punitive damages are not available for

7   breaches of contract no matter how gross or willful.").  Federal courts therefore lack diversity

8   subject matter jurisdiction over the case as it is currently pleaded.

9    Accordingly, I DISMISS the complaint without prejudice.  Rajapakse may cure the lack of

10   subject matter jurisdiction if she can amend her pleadings to either: (1) allege the adequate (and

11   legally available) jurisdictional amount or (2) plead a federal cause of action.  If she adequately

12   pleads subject matter jurisdiction, the case may continue.[4]  Rajapakse may file any second

13   amended complaint **no later than August 7, 2025**.  The motion to dismiss and the hearing on the

14   motion are VACATED.

15    The Case Management Conference date is CONTINUED to **September 10, 2025**, at 2:00

16   p.m.  The Joint Statement is due **September 3, 2025**.

17    Rajapakse may seek free limited legal assistance from the Legal Help Desk by calling the

18   appointment line at (415) 782-8982 or emailing fedpro@sfbar.org.  Appointments are available

19   both in-person at the San Francisco and Oakland courthouses or remotely by Zoom or telephone.

20   The Legal Help Desk provides the opportunity to speak with an attorney who will provide basic

21   legal help, but not legal representation.  For more information, visit:

22   cand.uscourts.gov/about/court-programs/legal-help-desks/.

23    **IT IS SO ORDERED.**

24   Dated: July 9, 2025

William H. Orrick
United States District Judge

25

26

27   ---
[4] To the extent that Rajapakse fails to plead a cause of action pursuant to Federal Rule of Civil

28   Procedure 12(b)(6), I will address those concerns should they arise in any future motion to
dismiss.

3